# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>LARO SIM TAN,<br>      Debtor. | Case No.  10-17971-RGM<br>(Chapter 7) |
| LATISHA KING,<br>      Plaintiff,<br>vs.<br>LARO SIM TAN,<br>      Defendant. | Adv. Proc. No. 10-1549 |

## MEMORANDUM OPINION

This case involves a divorce proceeding that has been concluded by a Final Decree of Divorce entered by the Circuit Court for the City of Alexandria. The debtor's former spouse, Latish King, filed a complaint to determine the dischargeability of certain obligations arising under a separation agreement the parties entered into on May 8, 2009. The separation agreement provided:

> In the event of a divorce being filed, the terms contained within this agreement will be renegotiated according to the law of the state where the divorce proceeding will take place, however, this agreement will remain in [e]ffect until the divorce is finalized.

After a four-day trial, the Circuit Court wrote a comprehensive Letter Opinion and entered a detailed Final Decree addressing most, if not all, of the issues addressed in the separation agreement. The separation agreement was not incorporated into the Final Decree. It is uncontested that the separation agreement is no longer effective because the divorce has been finalized. The

question is whether an obligation that arose under the separation agreement while it was effective and remains unsatisfied, if any, is discharged by the debtor's discharge.

The May 8, 2009 agreement is a separation agreement but that is not enough to determine the dischargeability of a debt arising under it. Each obligation contained in it must be examined to determine whether the particular obligation is exempted from discharge under either §523(a)(5) or §523(a)(15). A critical issue in both §523(a)(5) and §523(a)(15) is whether the debt is "to a spouse, former spouse, or child of the debtor."[1] Any debt payable to someone other than a spouse, former spouse or child of the debtor is not within either §523(a)(5) or §523(a)(15) and was discharged.

Paragraphs 1 though 6 of the May 8, 2009 agreement are domestic support obligations to the extent they are debts due to the debtor's former spouse or his child and are not dischargeable under §523(a)(5). The party to whom the debt is due is critical. For example, the debtor undertook the obligation to provide certain housing. If the debtor failed to do so and Ms. King paid for it, he is in default of the agreement and owes a debt to Ms. King for the amount she paid for the housing. However, if he provided the housing but did not pay the rent to the landlord, he has satisfied his obligation to Ms. King. The outstanding rent due to the landlord is not a domestic support obligation because it is not due to Ms. King.

The obligation under paragraph 7 is discharged. The debtor agreed to pay a debt owed to Ms. King's brother. Because it is not payable to Ms. King or the debtor's child, it is not exempted from discharge under §523(a)(15).

---

[1] Section 523(a)(5) only references a "domestic support obligation." That term is defined in §101(14A) and requires that the debt be owed to "a spouse, former spouse, or child of the debtor."

2

The obligations in paragraphs 8 to 10 are exempted from discharge under §523(a)(15), but again, only to the extent that they are owed to Ms. King or the debtor's child.

Obligations to Ms. King that do not arise under the separation agreement of May 8, 2009 are discharged. They do not fall under either §523(a)(5) or §523(a)(15).

Ms. King would like this court to determine whether there are any unsatisfied obligations under the separation agreement, not just whether the original obligations were discharged. This involves more than simply examining each paragraph in the separation agreement and determining whether the obligation is within either §523(a)(5) or §523(a)(15). It involves construing the agreement and determining the effect of paragraph 13. It involves determining whether any claim now asserted is barred by *res judicata*. It involves determining the effect of the final decree of divorce on the separation agreement. It involves construing the trial judge's Letter Opinion and the Final Decree. There are undoubtedly other issues, too. They are all state law issues and are best resolved by the state court which heard the four-day divorce trial.[2]

## Conclusion

If any obligation owed to Ms. King or the debtor's child remains outstanding under the separation agreement dated May 8, 2009, it is not discharged by the debtor's discharge in this case. The obligation under paragraph 7 and any other obligation not owed to Ms. King or the debtor's child is discharged.

Alexandria, Virginia
May 16, 2012

---

[2] The court is not determining whether the separation agreement remains in effect, whether there are any accrued but unpaid obligations or whether the agreement is enforceable.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Lorraine M. Koury
John T. Donelan

17745